**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2777
_____

LOLITA DUGLAS,
                                        Appellant

v.

MARK HOANG, DMD

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-21-cv-03905)
District Judge:  Gene E. K. Pratter

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 9, 2021
Before:  MCKEE, GREENAWAY, JR., and PORTER, Circuit Judges

(Opinion filed: January 14, 2022)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

Lolita Duglas, acting pro se, sought to file a complaint in forma pauperis against Mark Hoang, DMD. She alleged that she went to him "to ask if he could grow [her] tooth and teeth" and he told her to use Listerine instead. ECF No. 2 at p. 3. She conceded that she had suffered no injury, and she requested as relief five cents "to grow [her] tooth and teeth." Id. at p. 4.

The District Court granted Duglas's motion to proceed in forma pauperis and dismissed Duglas's entire complaint under 28 U.S.C. § 1915(e)(2)(B) because all the claims were legally and factually frivolous. The District Court dismissed the federal claims with prejudice, but it dismissed any state law claims without prejudice for lack of subject matter jurisdiction. Duglas appeals in forma pauperis.

II.

We have jurisdiction under 28 U.S.C. § 1291 to consider this appeal.[1] Under 28 U.S.C. § 1915(e)(2)(B)(i), we must dismiss Duglas's appeal as frivolous because it "lacks an arguable basis either in law or in fact." See Neitzke v. Williams, 490 U.S. 319, 325

---

[1] Although the District Court dismissed the complaint in part without prejudice, the identified defect – lack of subject matter jurisdiction over state law claims – cannot be cured without changing the cause of action. See Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam) (explaining that a dismissal without prejudice is generally not appealable under 28 U.S.C. § 1291 unless the litigant cannot cure the defects in his complaint). Furthermore, as we will explain, it is clear that she cannot amend to state a claim. Accordingly, the dismissal without prejudice does not divest this Court of jurisdiction to consider this appeal.

(1989). Duglas's claim – grounded in an attempt to grow her teeth – appears to be "clearly baseless." See id. at 325, 327-28 (noting that a claim that is fanciful, fantastic, or delusional is factually frivolous). And, even if the factual basis for Duglas's claim against Hoang could be described as something other than clearly baseless, see Denton v. Hernandez, 504 U.S. 25, 33 (1992) (explaining that a complaint may contain allegations that are unlikely or strange but such allegations may nevertheless be true, in which case the complaint should not be dismissed as frivolous), the claim had no legal basis, see Neitzke, 490 U.S. at 325, and the District Court did not err in dismissing the entire complaint as frivolous.

Our review of the record does not reveal any basis to challenge the District Court's decision. As the District Court noted, Duglas presented no federal question.[2] See Growth Horizons, Inc. v. Delaware Cty., 983 F.2d 1277, 1281 (3d Cir. 1993) (explaining that a district court has federal question jurisdiction in a case where a plaintiff makes a non-frivolous allegation that she is entitled to relief under the U.S. Constitution or a federal statute). Further, even assuming that Duglas could set forth some sort of state law claim, the District Court did not have jurisdiction in diversity. Duglas did not plead that the parties were diverse, and, even if she had, the amount of damages she sought (five

---

[2] Although Duglas invoked the writ of habeas corpus as the basis for jurisdiction over her complaint, ECF No. 2 at p. 2, the writ was inapposite because her claims have nothing to do with being detained. See Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (explaining that "the writ of habeas corpus remains available to every individual detained within the United States").

3

cents) does not satisfy the statutory requirement that the amount in controversy exceed $75,000.  See 28 U.S.C. § 1332(a).  Lastly, we discern no error in disallowing Duglas to amend her complaint because amendment would have been futile.[3]  See Grayson v. Mayview State Hosp., 293 F.3d 103, 113-14 (3d Cir. 2002).

    Because this appeal presents no arguable basis in law or fact, we will dismiss Duglas's appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[3]  Notably, Duglas's post-judgment efforts to amend her complaint, ECF Nos. 7, 9, included proposals to raise the amount of requested damages to $50 or $900 and did not relate to any substantive claim.